IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MARY K. ROBERTO**, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Civil No. PJM 05-2614 |
| | * | |
| **TIMOTHY P. BRANIGAN,** | * | |
| | * | |
| Appellee. | * | |

## MEMORANDUM OPINION

On September 20, 2005, Mary K. Roberto filed a Notice of Appeal from proceedings in the Bankruptcy Court in case number 04-36494. For the reasons stated below, the Court will DISMISS the appeal.

On September 26, 2005, the Clerk of the Court notified Roberto that her brief in support of her appeal was due within fifteen (15) days from the date the appeal was docketed, September 26, 2005. Roberto did not comply. Instead, sixteen days later, on October 12, 2005, she requested an extension to file "until the end of the month" due to illness and her alleged non-receipt of the Clerk's letter. The Court granted Roberto an extension until October 31, 2005. Again, no brief was received by the Court by the deadline.

On November 1, 2005, the Court received another request from Roberto for an extension of time to file her brief, this time for only a few extra days due to her alleged continued illness. However, the Court granted her an extension until November 25, 2005, but did so with an important caveat. The Court instructed Roberto that she would have to perfect her appeal by that date or "the Court will make appropriate decisions in the case, including possible dismissal of

the appeal." Again no brief was received by the Court by the extended deadline.

Instead, on November 30, 2005, Roberto filed a "Motion to Continue Submittion [sic] of Above Captioned Brief," seeking an additional 45 days based on her allegation of continued illness. On December 8, 2005, the Court granted the Motion to Continue, but set the deadline as January 9, 2006. Reluctantly, the Court warned again that "NO FURTHER EXTENSIONS" would be granted in the case. As of the date of that Order, Roberto was fully aware of the consequences of further delays in filing her long overdue brief in support of her appeal. Nevertheless, the reset deadline came and passed without a brief being filed.

On January 10, 2006, the Court received a telephone call from Roberto requesting additional time to file her brief, alleging that she was still ill and having difficulty completing her brief, which was originally due on October 11, 2005. The Court granted her until close of business on January 17, 2006 to perfect her appeal and warned her that this would absolutely be her final extension and that the Court would make an appropriate decision in her case whether or not it received a brief in timely fashion.

As of this date, January 19, 2006, Roberto has filed no brief. In light of the fact that she has not complied with the Court's Orders and Bankruptcy Rule 8009 requiring her to serve and file a brief in support of her appeal, and in light of her dilatory behavior before both the Bankruptcy Court and this Court, the Court concludes that her failure to comply with Bankruptcy Rule 8009 was negligent and that any further delay in prosecuting this appeal would be prejudicial to the Appellee(s) and to the orderly and expeditious management and affairs of the Bankruptcy Court. See Local Rule 404(3).

Accordingly, Roberto's Notice of Appeal is DISMISSED, and the Clerk is directed to CLOSE the case.

A separate Order will follow.

January 19, 2006

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE